1   Patience Milrod
    Law Office of Patience Milrod
2   844 N. Van Ness Avenue
    Fresno, California  93728
3   559/442-3111
    559/442-3164 fax
4
    Attorney for Plaintiff David C. Corser
5

6

7
                  IN THE UNITED STATES DISTRICT COURT
8        IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA
                          FRESNO DIVISION
9

10   _____
                                            )   No.
11   DAVID C. CORSER,                       )
                                            )
12          Plaintiff,                      )
                                            )
                                            )   **COMPLAINT FOR DAMAGES**
13          v.                              )   (Violation of Federal & State Civil
     COUNTY OF MERCED; GLORIA CORTEZ-)          Rights Statutes; State Law Claims;
14   KEENE; DEMETRIOS TATUM; Merced         )   Punitive Damages & Attorneys'
     County Sheriff's employees SHERIFF     )   Fees Requested)
15   MARK PAZIN, UNDERSHERIFF BILL          )
     BLAKE, COMMANDER PARRISH,              )
16   DEPUTY ZYSKOWSKI, DEPUTY L.            )   **JURY TRIAL DEMANDED**
     MILLER, VOLUNTEER SMALLWOOD            )
17    (BADGE # V330); Merced County Public  )
     Works Director PAUL FILLEBROWN;        )
18   LARRY GONZALES; MARIA SOCORRO          )
     GONZALES; RUTH STONE; and DOES 1       )
19   through 50.                            )
            Defendants.                     )
20   _____)

21   Plaintiff DAVID C. CORSER alleges:

                          **PARTIES AND CAPACITIES**
22
            1.      At all relevant times, plaintiff DAVID C. CORSER was a citizen and
23

*Complaint for Damages*                                                          1

1    resident of the State of California and of the County of Merced, a member of the

2    Planada Association, and the Programs Director of the Planada Community

3    Development Corporation.

4         2.    At all relevant times, defendant COUNTY OF MERCED (hereinafter

5    "COUNTY") was a public entity, a California County within this judicial district,

6    and a political subdivision organized and existing under and by virtue of the laws

7    of the State of California.  The MERCED COUNTY SHERIFF'S OFFICE and the

8    MERCED COUNTY MAIN DETENTION FACILITY are agencies or departments

9    of defendant County.  Under California Government Code § 815.2(a), defendant

10   County is liable for any and all wrongful acts hereinafter complained of

11   committed by any of the individual defendants.

12        3.    At all relevant times, defendant GLORIA CORTEZ-KEENE was a

13   member of the Board of Supervisors of Merced County, and as a Merced County

14   Supervisor also sat as a member of the Board of Governors of the Merced County

15   Community Action Agency.  Defendant Cortez-Keene is named in her individual

16   capacity, and in her official capacities as a Merced County Supervisor and as a

17   Governor of the Merced County Community Action Agency.

18        4.    At all relevant times, defendant DEMETRIOS TATUM was the

19   Merced County Executive Officer; he is named here in his individual and official

20   capacities.

21        5.    At all relevant times, defendant Merced County SHERIFF MARK

22   PAZIN was the chief law enforcement officer of the COUNTY, and in that capacity

23

*Complaint for Damages*                                                              2

1  had ultimate responsibility for the training and supervision of defendants BLAKE,

2  PARRISH, MILLER, ZYSKOWSKI, and SMALLWOOD.  Defendant PAZIN is

3  named in his individual and official capacities.

4       6.    At all relevant times, defendant BILL BLAKE was the Undersheriff

5  of Merced County, and in that capacity shared responsibility with defendant

6  PAZIN for the training and supervision of defendants PARRISH, MILLER,

7  ZYSKOWSKI and SMALLWOOD.  Defendant BLAKE is named in his individual

8  and official capacities.

9       7.    At all relevant times, defendants PAZIN, BLAKE, PARRISH,

10  MILLER, ZYSKOWSKI, SMALLWOOD and DOES 1 though 25, inclusive, were

11  each duly appointed law enforcement officers, correctional officers, ranking

12  officers, employees and/or volunteers of the County of Merced and the Merced

13  County Sheriff's Office or the Merced County Correctional Facility, qualified and

14  acting under color of state law, and as the employee, agent and representative of

15  every other defendant.  On information and belief, plaintiff asserts that each of the

16  defendants at all times mentioned herein was a resident of the County of Merced,

17  State of California.

18       8.    At all relevant times, defendant LARRY GONZALES was a member

19  of the Planada CDC and the Planada Municipal Advisory Council (Planada

20  M.A.C.).  The members of the Planada M.A.C. serve by appointment of the

21  Merced County Board of Supervisors.  On information and belief, Mr. Gonzales is

22  a resident of Merced County, California.  Defendant Larry Gonzales is named

23

*Complaint for Damages*               3

1    individually and in his official capacities.

2         9.    At all relevant times, defendant RUTH STONE was the President of

3    the Planada Municipal Advisory Council.  On information and belief, Ms. Stone is

4    a resident of Merced County, California.  Defendant STONE is named

5    individually and in her official capacity.

6         10.    At all relevant times, defendant MARIA SOCORRO GONZALES

7    claimed to be a member of the Planada CDC.  On information and belief, Mrs.

8    Gonzales is married to defendant LARRY GONZALES, and is a resident of

9    Merced County, California.  Defendant Maria Gonzales is named individually and

10   in her official capacity.

11        11.    Except where otherwise noted, defendants who are natural persons,

12   and each of them, engaged in the acts and conduct complained of herein while

13   within the course and scope of their agency or employment by or for defendant

14   COUNTY, or by or for a department or office or agency of the COUNTY, or

15   otherwise were acting for or on behalf of defendant COUNTY, or one of its

16   departments or offices or agencies, and under color of law in doing or not doing

17   the things complained of herein.

18        12.    Plaintiff is informed and believes and thereon alleges that each of the

19   defendants designated as a DOE is intentionally and negligently responsible in

20   some manner for the wrongful acts and omissions and the events herein referred

21   to, and thereby proximately caused injuries and damages as herein alleged.  The

22   true names and capacities of Does 1 through 50, inclusive, and each of them, are

23

1   not known to plaintiff, who therefore sues said defendants by such fictitious

2   names.  Plaintiff will amend this complaint to show their true names and

3   capacities when the same have been ascertained.  DOES 1-35 are individuals or

4   entities responsible in some way for the unlawful harassment, false arrest, and

5   false imprisonment of plaintiff in Merced County Jail on false charges of unlawful

6   entry of a residence, resisting arrest, and resisting an officer with force in

7   interference of a duty imposed on him by law.  DOES 36-50 are individuals

8   responsible for the training or supervision of other persons or of any named

9   defendant, and are somehow responsible for the violations of law alleged herein.

10       13.    Plaintiff is informed and believes and on that basis alleges that at all

11  times and places mentioned herein each of the defendants was the agent,

12  representative and/or employee of the remaining defendants, and was at all times

13  and places mentioned herein acting within the purpose and scope of said agency,

14  representation and/or employment.

15       14.    Defendants, and each of them, did the acts and omissions hereinafter

16  alleged in bad faith and with knowledge that their conduct violated well-

17  established and settled law.

18                          **JURISDICTION AND VENUE**

19       15.    The jurisdiction of this Court over the subject matter of this action is

20  predicated on 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. §§ 1983 and 1988.

21       16.    Plaintiff has complied with the California Tort Claims Act, in that he

22  timely filed an administrative claim concerning the facts alleged in the

23

*Complaint for Damages*                                                    5

1   supplemental state law causes of action asserted in this complaint.  Said

2   administrative claim was denied by the Merced County Board of Supervisors on

3   January 25, 2005, and the notice of denial was mailed to plaintiff on February 1,

4   2005.  This action is being filed within six months of that date.

5       17.   Venue is proper in the Fresno Division of this District because

6   Plaintiff's claims arose in this Division of this District and because, on information

7   and belief, all defendants are and were at all times mentioned herein residents of

8   the State of California and/or of the Fresno Division of the Eastern District of

9   California.

10                          **COMMON ALLEGATIONS**

11      18.   Plaintiff's federal claims arise under the United States Constitution,

12  and at least the First, Fourth, Fifth, Sixth and Fourteenth Amendments thereto,

13  and under federal law, including but not limited to the federal Civil Rights Act,

14  Title 42 of the United States Code, §§ 1983 and 1988.  The acts and omissions of

15  defendants and others as alleged herein were committed by defendants and

16  others, and each of them under color and pretense of the Constitution, statutes,

17  ordinances, rules, regulations, practices, customs, patterns, and usages of the State

18  of California and/or of the COUNTY, and as sworn peace officers, officials,

19  employees, or agents of defendant COUNTY or of a department or office or

20  subdivision or agency of the COUNTY.

21      19.   A May 6, 2004 meeting of the Planada Municipal Advisory Council

22  was held in the main hall of the Planada Community Center ("the Center").  Many

23

*Complaint for Damages*                                                    6

supporters of the Planada Community Development Corporation ("Planada CDC") were in attendance, due to general knowledge of an unexpected notice that the Merced County Community Action Agency ("MCCAA") intended to evict the Planada CDC from the building.

20.   Defendant Gloria Keene attended the May 6, 2004 meeting for a short while, until it became clear that the attendees were strongly in favor of maintaining the current programs in the Center.  The meeting ended with a vote of support by the Municipal Advisory Council for Planada CDC to continue to offer its programming in the Center.

21.   Prior to the May 6, 2004 meeting, both as an individual and in his role as Programs Director of the Planada Community Development Corporation, plaintiff had raised challenges, in times, places and manners protected by the First Amendment, to projects of which defendant Keene was a proponent.  On information and belief, certain of those projects plaintiff had challenged would have resulted in undue benefits to defendant Keene or her close associates.

22.   As the May 6, 2004 meeting was coming to a close, defendant Merced Sheriff's Deputy Zyskowski drove a Merced County Sheriff's vehicle onto the lawn in front of the Center and parked directly in front of the main entrance, with headlights shining into the meeting hall.  Although there was no disturbance requiring law enforcement response, defendants Zyskowski and Parrish claimed to be responding to a "disturbance" call.  On information and belief, defendant Keene initiated this call, which was routed through defendant County Executive

*Complaint for Damages*                                                                                  *7*

1    Tatum, and then to defendant Sheriff Pazin, and finally then to dispatch. This

2    appearance by law enforcement had an intimidating effect on the participants in

3    the meeting. Plaintiff subsequently joined a citizen's complaint filed with the

4    Sheriff's Office regarding this conduct.

5            23.    On May 13, 2004, a "First Notice of Code Violation" was issued by

6    David Fuentes, in his role as Merced County code compliance officer, regarding

7    the mobile home on the property where plaintiff resides; the mobile home had

8    been in the same location and condition for more than three years. On

9    information and belief, Fuentes was acting on a complaint received by or through

10   the efforts of defendants.

11           24.    On May 18, 2004 Planada CDC members addressed the Merced

12   County Board of Supervisors to request that they rescind the verbal eviction notice

13   that had been issued by their Community Action Agency Director, and grant the

14   Planada CDC a lease on the Center.

15           25.    On June 14, 2004 plaintiff sent a letter of complaint to defendant

16   Undersheriff Blake via certified mail regarding the Sheriff's Office's inappropriate

17   response to the May 6, 2004 Planada CDC meeting.

18           26.    On June 17, 2004, prior to and during a Planada CDC Board meeting,

19   defendant Larry Gonzales revealed that he had been promised a $50,000 grant to

20   the Planada CDC by or through defendant Keene if he could remove particular

21   members from the Community Development Corporation Board. Specifically

22   stating that he was acting on behalf of Merced County, defendant Larry Gonzales

23

*Complaint for Damages*                                                                  *8*

1    then moved to remove Board members and executive officers Katie Lopez and

2    Bryant Owens.  Both Ms. Lopez and Mr. Owens had joined plaintiff in previous

3    vocal criticisms of certain of defendant Keene's projects, including but not limited

4    to a petition for writ of mandate filed January 9, 2004 on behalf of the Planada

5    Association, et al., challenging certain zoning changes defendant Keene favored as

6    part of the Planada Community Plan Update.  Present at the June 17 meeting were

7    uniformed Sheriff's deputies, who guarded the doors to the community center

8    during the CDC meeting.

9         27.    On the morning of June 22, 2004, the Merced County Board of

10   Supervisors entertained a lengthy discussion over whether the Planada CDC

11   could continue to maintain its offices in the Planada Community Center.  Plaintiff

12   addressed concerns over what appeared to be an unlawful proposal to condition a

13   $50,000 grant to the CDC upon removal of specified individuals from the CDC

14   Board.  Plaintiff submitted to the Supervisors in open session the complaint

15   regarding misuse of Sheriff's Office personnel on May 6, 2004.  As a result of

16   plaintiff's efforts at this Board of Supervisors' meeting, defendant Keene's efforts

17   to secure Board approval on this building lease issue relating to her own District

18   were defeated.  Plaintiff was arrested by Merced County Sheriff's deputies, as

19   described below, within 72 hours of this vote.

20        28.    On June 22, 2004 in the evening, there was a special meeting of the

21   Planada CDC Board, during which Mr. Gonzales moved to terminate plaintiff's

22   employment.  There was no second to his motion, and plaintiff therefore

23

*Complaint for Damages*                                                      *9*

1   continued to hold his position as the Programs Director of the Planada CDC.

2        29.    On June 24, 2004, plaintiff returned to the Planada CDC office at

3   approximately 5:30 p.m., after a work-related meeting.  At that time, defendant

4   Larry Gonzales became insistent that plaintiff resign his position.  Plaintiff refused

5   to resign, and left the building.

6        30.    At approximately 9:00 p.m. on the evening of June 24, 2004, plaintiff

7   returned to the Center to secure the building and set the alarm.  Although plaintiff

8   was still the CDC Programs Director, and as such had full authority to be present

9   at the CDC offices at the Community Center, plaintiff was arrested unlawfully and

10   without probable cause for resisting arrest, and for "unauthorized entry of a

11   dwelling."  Plaintiff is informed and believes and on that basis asserts that

12   defendant Maria Gonzales knowingly falsely reported that plaintiff had

13   unlawfully entered the premises.  Moreover, the arresting deputy, defendant

14   Zyskowski, had been the subject of plaintiff's complaint of misconduct in

15   connection with the May 6, 2004 meeting, which plaintiff had previously

16   presented to the Sheriff's Office and also, just two days before the arrest, to the

17   Board of Supervisors in open session.  Plaintiff is informed and believes and on

18   that basis asserts that defendant Zyskowski knew at the time he made the arrest

19   that he did not have probable cause to arrest plaintiff.  No criminal charges were

20   ever filed in connection with this arrest.

21        31.    Plaintiff did not attempt to escape or otherwise resist his arrest.

22   However, in the course of arresting plaintiff, defendant Zyskowski applied such

23

*Complaint for Damages*                                   *10*

unnecessary force as to cause injury to plaintiff's shoulder, wrist and knee.  A subsequent medical examination revealed that the wrist injuries inflicted by defendant Zyskowski were "more consistent with torture than restraint."

32.     At the time of plaintiff's arrest, he was in possession of the keys to the Community Center building, and a tape recorder, which he had used to record the events immediately preceding and during his arrest.  During booking, defendant MILLER refused to list either the keys or the tape recorder as part of plaintiff's property.  When plaintiff began to add the missing items to the property list, defendant Miller exclaimed "Don't you fucking listen to anything?" and crumpled the form.  Although plaintiff did not resist the officers, defendant Miller, with another officer (Doe 25), then dragged plaintiff bodily into a cell, telling him "don't ask for anything for 8 hours—you're not going to get anything."

33.     . Plaintiff was not allowed a telephone call until approximately four hours after his arrest.  Plaintiff was denied adequate food, medical care and blankets for almost twelve hours, resulting in pain, suffering, humiliation, exacerbation of the injuries he had suffered during his arrest, and extended deprivation of his liberty

34.     Although plaintiff posted a bail bond early in the morning on June 25, 2004, defendants Does 25 through 35 refused for several additional hours to release him because plaintiff refused to sign for property that did not include his tape recorder and keys.  Plaintiff was finally released at approximately noon on June 25, 2005 without signing a property release.

1   35.   On August 27, 2004, defendant FILLEBROWN produced a letter

2   requiring the removal of all Planada CDC equipment, including the newly

3   remodeled community technology access lab.   He requested that the County

4   Director of the Community Action Agency forward the letter to the Planada

5   CDC's main funding source.  This letter resulted in the withdrawal of all

6   remaining funds that could have sustained Plaintiff's employment.  On

7   information and belief, defendant Fillebrown was acting at the direction of other

8   defendants, including but not limited to defendants Keene and/or Tatum, and for

9   the purpose of depriving plaintiff of his position as Programs Director of the

10  Planada CDC.

11  36.   During at least the period from and including 2003 through the date

12  of plaintiff's arrest, defendants and others, and each of them, wrongfully and

13  unlawfully engaged in acts, omissions, and conduct which constituted a COUNTY

14  pattern of use of Sheriff's Office and other County personnel to intimidate and

15  harass members of the public, to retaliate against them for political speech with

16  which defendant Keene did not agree, and to discourage them from petitioning

17  their government and from expressing their views particularly in opposition to

18  unbridled population growth, farmworker displacement and land development,

19  which resulted in a deprivation of their rights to free speech and liberty in

20  violation of at least the First, Fourth and Fourteenth Amendment rights of plaintiff

21  and others under the Constitution of the United States.

22  37.   Defendants, and each of them, and others, both by action and

23

*Complaint for Damages*                                                                                                      *12*

1    inaction, created or executed or condoned or ratified policies, customs, practices,

2    patterns of conduct, and rules and regulations designed, or with the effect, to

3    promote retaliatory deployment of Sheriff's Office and other County personnel

4    against Merced County residents who objected to land development schemes

5    promoted by defendant Keene, including but not limited to plaintiff herein,

6    thereby preventing said residents and citizens, including but not limited to

7    plaintiff, from exercising their rights to peaceable speech and liberty.

8         38.    Apart from plaintiff, the Planada CDC board members and

9    employees involved in the Planada Association writ petition were removed or

10   arrested within 6 months of the filing of that action.  Defendant Larry Gonzales

11   told plaintiff in advance of the June 17, 2004 Planada CDC meeting that he would

12   have Sheriff's officers there to escort Board member Katie Lopez out of the

13   building.  In fact, two Sheriff's deputies, armed and in uniform, stood guard at the

14   doors at that evening meeting.  In addition, defendant Paul Fillebrown's letter of

15   August 27, 2004 served the dual purpose of attacking Planada CDC's remaining

16   grant funding, and finalizing the CDC's eviction from its Community Center

17   offices.  On information and belief, defendant Stone conspired with defendants

18   Larry Gonzales and Keene to harass plaintiff, in particular, but not limited to,

19   effecting an eviction at plaintiff's workplace.

20        39.    Defendants and others acted knowingly or with gross negligence or

21   reckless disregard or deliberate indifference to the rights of plaintiff under the

22   United States Constitution.  The allegations and factual contentions of this

23

1   Complaint are likely to have evidentiary support after a reasonable opportunity

2   for further investigation or discovery.

3        40.    As a proximate result of the acts and omissions of defendants, and

4   each of them, as set forth in this Complaint, plaintiff has suffered physical injury,

5   contusions and abrasions, physical pain, great mental pain and shock to his

6   nervous system, fear, anxiety, emotional distress, humiliation, loss of sleep, injury

7   to reputation, embarrassment, expense, loss of constitutional rights, and

8   deprivation of liberty without due process of law.  As a further direct and

9   proximate result of the acts and omissions of defendants, and each of them,

10  plaintiff was prevented from attending to his usual occupation, and has suffered

11  loss and impairment of income and earning capacity, employment benefits and

12  employment opportunities, and has incurred expenses for medical care and

13  treatment necessitated by the injuries inflicted by defendants.

14       41.    Defendants, and each of them, by acts of omission and commission,

15  as complained of herein, acted recklessly, maliciously, fraudulently, and/or

16  oppressively with respect to the rights of plaintiff secured to him by the United

17  States Constitution.  Defendants, and each of them, actually caused the

18  deprivation of plaintiff's federal civil rights and his wrongful arrest and jailing

19  and other injuries suffered by plaintiff.

20  **FIRST CAUSE OF ACTION**
**Violation of 42 U.S.C. § 1983: Illegal Warrantless Arrest**
21  **(Against Defendants COUNTY, SMALLWOOD, ZYSKOWSKI, MARIA**
**GONZALES, and DOES 1 through 15, inclusive)**

22

23       42.    Plaintiff realleges, and incorporates herein as if fully restated, the

*Complaint for Damages*          14

1    allegations of paragraphs 1 through 41, ante.

2          43.    This action at law for money damages arises under Title 42 U.S.C. §§

3    1983, 1985 and 1988, the Constitution of the United States, the laws and

4    Constitution of the State of California, and common law principles, to redress a

5    deprivation under color of state law of rights, privileges and immunities secured

6    to plaintiff by said statutes, and by the Fourth and Fourteenth Amendments to the

7    Constitution of the United States.

8          44.    The acts and omissions of defendants deprived plaintiff of rights

9    secured to him by the Fourth, Fifth and Fourteenth Amendments to the United

10   States Constitution by:  subjecting plaintiff to excessive and unreasonable force, to

11   unjustifiable denial of liberty, and to deprivation of necessary medical care;

12   conspiring to cover up defendants' misconduct by attempting to cause the

13   commencement of a fraudulent criminal proceeding in the courts of the State of

14   California by the preparation of materially false and misleading crime and arrest

15   reports in which defendants attempted to conceal their misconduct against

16   plaintiff by alleging the plaintiff had committed violations of §§ 69, 602.5 and 632

17   of the California Penal Code which each said defendants knew or in the exercise of

18   due care should have known plaintiff had not committed; and are thereby liable to

19   plaintiff under 42 U.S.C. § 1983.

20         45.    As a direct and proximate result of the defendants' acts and

21   omissions, plaintiff suffered injury, loss and damage as more particularly

22   described above.

23

*Complaint for Damages*                                                      *15*

1        46.      The acts of the individual defendants were outrageous, and

2    committed knowingly, willfully, fraudulently and maliciously, with the wrongful

3    intent to vex, annoy, harass and oppress plaintiff and to cause physical injury,

4    emotional pain and suffering, from an improper and evil motive amounting to

5    malice, and in conscious disregard of plaintiff's rights; and by reason thereof,

6    plaintiff requests that the individual defendants be required to pay damages by

7    way of example and punishment in a sum according to proof.

8        WHEREFORE, plaintiff prays for judgment as set forth below.

9                              **SECOND CAUSE OF ACTION**
    **Violation of 42 U.S.C. § 1983:  First Amendment retaliation**
10   **(Against Defendants COUNTY, KEENE, TATUM, PAZIN, BLAKE, LARRY**
    **GONZALES, SMALLWOOD, ZYSKOWSKI, MARIA GONZALES, STONE,**
11              **FILLEBROWN and DOES 1 through 35, inclusive)**

12       47.      Plaintiff realleges, and incorporates herein as if fully restated, the

13   allegations of paragraphs 1 through 46, ante.

14       48.      The actions of individual defendants set forth above were intended

15   to retaliate against and punish plaintiff for his exercise of his right to petition the

16   government and to express peaceably views contrary to those held by these

17   defendants.  Such conduct violated plaintiff's right of free speech as guaranteed by

18   the First and Fourteenth Amendments to the United States Constitution and by

19   the laws and Constitution of the State of California.

20       49.      As a direct and proximate result of the defendants' acts and

21   omissions, plaintiff suffered injury, loss and damage as more particularly

22   described above.

23

*Complaint for Damages*                                                          *16*

1   50.   The acts of the individual defendants were outrageous, and

2   committed knowingly, willfully, fraudulently and maliciously, with the wrongful

3   intent to vex, annoy, harass and oppress plaintiff and to cause physical injury,

4   emotional pain and suffering, from an improper and evil motive amounting to

5   malice, and in conscious disregard of plaintiff's rights; and by reason thereof,

6   plaintiff requests that the individual defendants be required to pay damages by

7   way of example and punishment in a sum according to proof.

8   WHEREFORE, plaintiff prays for judgment as set forth below.

9

**THIRD CAUSE OF ACTION**
10  **Supplemental State Law Claim:  Assault, battery, use of excessive force.**
    **(Against Defendants COUNTY, ZYSKOWSKI, SMALLWOOD, MILLER, DOES**
11  **1 through 25, inclusive)**

12  51.   Plaintiff realleges, and incorporates herein as if fully restated, the

13  allegations of paragraphs 1 through 50, ante.

14  52.   At the date, time and place described above, defendants Zyskowski,

15  Smallwood, Miller and Does 1 through 25 knowingly and willfully, without

16  provocation, necessity or legal justification, assaulted, battered and used excessive

17  force against plaintiff in violation of California Penal Code §§ 149 and 245.

18  53.   As a direct and proximate result of the defendants' acts and

19  omissions, plaintiff suffered injury, loss and damage as more particularly

20  described above.

21  54.   The acts of the individual defendants were outrageous, and

22  committed knowingly, willfully, fraudulently and maliciously, with the wrongful

23

*Complaint for Damages*                                                              17

1    intent to vex, annoy, harass and oppress plaintiff and to cause physical injury,

2    emotional pain and suffering, from an improper and evil motive amounting to

3    malice, and in conscious disregard of plaintiff's rights; and by reason thereof,

4    plaintiff requests that the individual defendants be required to pay damages by

5    way of example and punishment in a sum according to proof.

6         WHEREFORE, plaintiff prays for judgment as set forth below.

7                      **FOURTH CAUSE OF ACTION**
     **Supplemental State Law Claim:  False arrest and false imprisonment.**
8    **(Against Defendants COUNTY, MARIA GONZALES, ZYSKOWSKI,**
                  **SMALLWOOD and DOES 1 through 35, inclusive)**
9
10        55.     Plaintiff realleges, and incorporates herein as if fully restated, the

11   allegations of paragraphs 1 through 54, ante.

12        56.     Defendant Maria Gonzales knowingly falsely reported to Merced

13   County Sheriff's Office employees Does 11 though 15 on June 24, 2004 that

14   plaintiff had unlawfully entered the Planada CDC offices at the Planada

15   Community Center building.  Defendant Zyskowski knew or with exercise of

16   reasonable care should have known the report was false; at the time he arrested

17   plaintiff, defendant Zyskowski knew or with the exercise of reasonable care

18   should have known that he had no probable cause to arrest plaintiff.

19        57.     Lacking an arrest warrant or probable cause, defendants Smallwood

20   and Zyskowski lacked reasonable cause to arrest and take custody of plaintiff on

21   June 24, 2004.  Under these circumstances, Smallwood and Zyskowski, acting on

22   behalf of COUNTY, recklessly and unlawfully detained, arrested and jailed

23   plaintiff, damaging him, in violation of his rights under at least Article 1, §§ 1, 13

*Complaint for Damages*                                                    18

1    and 15, of the California Constitution.

2        58.    As a direct and proximate cause of defendants' acts and omissions,

3    plaintiff suffered an illegal and unjustifiable loss of liberty, in that he was taken

4    into custody without warrant, justification or probable cause and transported to

5    the Merced County Correctional Facility, where he was forced to remain without

6    adequate food, water, medical care or blankets until the following day.

7        59.    As a further direct and proximate result of the defendants' acts and

8    omissions, plaintiff suffered injury, loss and damage as more particularly

9    described above.

10        60.    The acts of the individual defendants were outrageous, and

11    committed knowingly, willfully, fraudulently and maliciously, with the wrongful

12    intent to vex, annoy, harass and oppress plaintiff and to cause physical injury,

13    emotional pain and suffering, from an improper and evil motive amounting to

14    malice, and in conscious disregard of plaintiff's rights; and by reason thereof,

15    plaintiff requests that the individual defendants be required to pay damages by

16    way of example and punishment in a sum according to proof.

17        WHEREFORE plaintiff prays for judgment as set forth below.

18    **FIFTH CAUSE OF ACTION**
**State Law Claim: Violation of Civil Code § 52.1(b).**
19    **(Against All Defendants)**

20        61.    Plaintiff realleges, and incorporates herein as if fully restated, the

21    allegations of paragraphs 1 through 60, ante.

22        62.    The defendants, and each of them, interfered with, denied, aided or

23

*Complaint for Damages*       19

1    incited denial of plaintiff's exercise or enjoyment of rights secured by the

2    Constitution of the United States or of rights secured by the Constitution and laws

3    of this State, including but not limited to Article 1, §§ 1, 13, 14 and 15, of the

4    California Constitution.

5            63.    As a direct and proximate result of the defendants' acts and

6    omissions, plaintiff suffered injury, loss and damage as more particularly

7    described above.

8            64.    The acts of the individual defendants were outrageous, and

9    committed knowingly, willfully, fraudulently and maliciously, with the wrongful

10   intent to vex, annoy, harass and oppress plaintiff and to cause physical injury,

11   emotional pain and suffering, from an improper and evil motive amounting to

12   malice, and in conscious disregard of plaintiff's rights; and by reason thereof,

13   plaintiff requests that the individual defendants be required to pay damages by

14   way of example and punishment in a sum according to proof.

15           WHEREFORE, plaintiff prays for judgment as set forth below.

16                            **SIXTH CAUSE OF ACTION**
                 **State Law Claim: Negligent Training & Supervision.**
17       **(Against Defendants COUNTY, PAZIN, BLAKE and DOES 36 through**
                             **50, inclusive)**
18
         65.    Plaintiff realleges, and incorporates herein as if fully restated, the
19
     allegations of paragraphs 1 through 64, ante.
20
         66.    At all relevant times, defendants COUNTY, PAZIN, BLAKE and
21
     DOES 36 through 50, and each of them, knew or in the exercise of reasonable care
22
     should have known, that defendants Zyskowski, Smallwood, Miller, and
23

*Complaint for Damages*                                          20

1   COUNTY employees and volunteers Does 1 though 35, and each of them, had a

2   character trait and practice, while purporting to act under color of law, for abuse

3   of their authority as law enforcement officers, for making warrantless arrests

4   without probable cause, for use of abusive language to members of the public, for

5   use of excessive, unnecessary and unreasonable force, and that said individuals

6   otherwise were emotionally unstable, untrustworthy, and prone to abuse their

7   authority, or otherwise exhibited tendencies, traits of character, behavior, habits,

8   conduct or attitudes which rendered such personnel unfit or undesirable for the

9   positions of law enforcement or correctional officers.

10          67.    Notwithstanding such knowledge, defendants COUNTY, PAZIN,

11   BLAKE and DOES 36 through 50, and each of them, negligently and carelessly

12   failed properly to train, assign, discipline and/or control defendants Zyskowski,

13   Smallwood, Miller, and Does 1 through 35, and each of them as peace officers

14   and/or correctional officers for the County of Merced, and assigned said

15   defendants to duties which enabled each of them to use excessive, unnecessary

16   and unreasonable force on members of the public, to make warrantless unlawful

17   arrests based on fabricated probable cause and crimes, to deny necessary medical

18   care to prisoners in the Merced County Correctional Facility, and to cause or

19   attempt to cause the fraudulent and malicious criminal prosecution of innocent

20   citizens while purporting to act under color of law.

21          68.    As a direct and proximate result of these negligent acts and

22   omissions of defendants, and each of them, plaintiff suffered injury, loss and

23

*Complaint for Damages*                                                    21

1    damage as more particularly described above.

2          69.    The acts of the individual defendants were outrageous, and

3    committed knowingly, willfully, fraudulently and maliciously, with the wrongful

4    intent to vex, annoy, harass and oppress plaintiff and to cause physical injury,

5    emotional pain and suffering, from an improper and evil motive amounting to

6    malice, and in conscious disregard of plaintiff's rights; and by reason thereof,

7    plaintiff requests that the individual defendants be required to pay damages by

8    way of example and punishment in a sum according to proof.

9          WHEREFORE, plaintiff prays for judgment as set forth below.

10   **SEVENTH CAUSE OF ACTION**
     **Violation of 42 U.S.C. § 1983: Conspiracy to violate constitutional rights.**
11   **(Against All Defendants)**

12         70.    Plaintiff realleges, and incorporates herein as if fully restated, the

13   allegations of paragraphs 1 through 69, ante.

14         71.    By virtue of the foregoing, certain defendants, and two or more of

15   them, conspired for the purpose of depriving plaintiff of liberty and property

16   without due process of law and of other constitutional rights.  Plaintiff is informed

17   and believes and thereon alleges that the defendants, acting in their individual

18   capacities and under color of state law, did and caused to be done an act or acts in

19   furtherance of the object of a conspiracy and acted in concert to undertake a course

20   of conduct violative of plaintiff's constitutional rights by:

21         a.    conspiring to attempt to silence criticisms of land development

22               schemes voiced by plaintiff and certain members of the Board of

23

*Complaint for Damages*                    22

1    the Planada CDC, by deploying Merced County Sheriff's

2    deputies and other county employees to attempt to harass

3    and/or intimidate them, by attempting to evict the CDC from its

4    Community Center offices, by attempting to remove the Board

5    members in question, and by removing plaintiff as Programs

6    Director—first by attempting to terminate his employment, and

7    then physically removing him by falsely and unlawfully

8    procuring his false arrest and unlawful detention.

9     b. establishing, ratifying, encouraging or implementing procedures

10   or practices or customs or patterns of conduct, pursuant to which

11   COUNTY employees acted, whereby plaintiff was falsely

12   accused, unlawfully arrested and jailed, and falsely imprisoned.

13    72. As a direct and proximate result of the conspiracy between and

14   among the aforesaid defendants and others, plaintiff was deprived of his rights

15   under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United

16   States Constitution, and unjustly arrested and jailed.  As a further direct and

17   proximate result of the defendants' acts and omissions, plaintiff suffered injury,

18   loss and damage as more particularly described above.

19    73. The acts of the individual defendants were outrageous, and

20   committed knowingly, willfully, fraudulently and maliciously, with the wrongful

21   intent to vex, annoy, harass and oppress plaintiff and to cause physical injury,

22   emotional pain and suffering, from an improper and evil motive amounting to

23

*Complaint for Damages*             23

1  malice, and in conscious disregard of plaintiff's rights; and by reason thereof,

2  plaintiff requests that the individual defendants be required to pay damages by

3  way of example and punishment in a sum according to proof.

4          WHEREFORE, plaintiff prays for judgment as set forth below.

5

6                          **PRAYER FOR RELIEF**

7          Plaintiff seeks judgment as follows:

8          a.      Compensatory general and special damages against all
   defendants, and each of them, in an amount according to proof;

9

10         b.      Punitive and exemplary damages against each of the
   defendants herein sued in his/her individual capacity;

11

12         c.      Civil penalties and treble damages as allowed by California
   Civil Code § 52;

13

14         d.      Pre-judgment interest according to proof;

15         e.      Reasonable attorney's fees and expenses of litigation as
   allowed by law, including but not limited to 42 U.S.C. § 1988 and California Civil

16 Code § 52;

17

18         f.      Costs of suit reasonably incurred herein;

19         g.      Such further relief as the court deems just and proper;

20         h.      That the COUNTY be required to pay any judgment pursuant
   to law, including but not limited to California Government Code § 825.

21

   Dated: July 29, 2005.                      /s/  Patience Milrod
22                                             PATIENCE MILROD
                                               Attorney for Plaintiff David Corser
23

*Complaint for Damages*                                                    24

1

2

## **DEMAND FOR JURY TRIAL**

3          Plaintiff demands a jury trial as provided by Rule 38(a) of the Federal Rules

4   of Civil Procedure.

5   Dated:  July 29, 2005.                    /s/   Patience Milrod
                                              PATIENCE MILROD
6                                             Attorney for Plaintiff David Corser

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

*Complaint for Damages*                                                        25