1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID C. CORSER,<br><br>      **Plaintiff**,<br><br>    **v.**<br><br>COUNTY OF MERCED; GLORIA CORTEZ-KEENE; DEMETRIOS TATUM; Merced County Sheriff's employees SHERIFF MARK PAZIN, UNDERSHERIFF BILL BLAKE, COMMANDER PARRISH, DEPUTY ZYSKOWSKI, DEPUTY L. MILLER, VOLUNTEER SMALLWOOD, (BADGE #V330); Merced County Public Works Director PAUL FILLEBROWN; LARRY GONZALES; MARIA SOCORRO GONZALES; RUTH STONE; and DOES 1 through 50,<br><br>     **Defendants.** | 1:05-CV-00985 OWW DLB<br><br>ORDER DENYING DEFENDANT LARRY GONZALES' MOTION TO DISMISS THE SECOND, FIFTH, AND SEVENTH CAUSES OF ACTION PURSUANT TO RULE 12(b)(6), F.R.Civ.P., AND DENYING DEFENDANT LARRY GONZALES' MOTION TO STRIKE THE FIFTH CAUSE OF ACTION PURSUANT TO CALIFORNIA CIVIL CODE SECTION 425.15 |

**I.   INTRODUCTION**

Plaintiff brings this suit against the above-named Defendants pursuant to Title 42, Section 1983, of the United States Code for illegal warrantless arrest, First-Amendment retaliation, and conspiracy to violate his constitutional rights. He also brings supplemental claims under state law: assault, battery, and the use of excessive force in effecting an arrest;

**1**

false arrest and false imprisonment; violations of his
constitutional rights for which liability can be imposed pursuant
to Section 52.1 of the California Civil Code; and negligent
training and supervision.

Defendant Gonzales moves to dismiss the Second, Fifth, and
Seventh Causes of Action for failure to state a claim.  He also
moves to strike the Fifth Cause of Action, pursuant to California
Code of Civil Procedure Section 425.16, on the grounds that it is
a Strategic Lawsuit Against Public Participation.

## II.   PROCEDURAL HISTORY

Plaintiff filed his complaint on July 29, 2005.  Defendant
Gonzales filed the instant motion to dismiss on September 30th.
On October 24th, the Plaintiff filed his opposition to the
motion.  Defendant Gonzales replied on October 28th.

## III.   BACKGROUND

According to the complaint, a political dispute arose
between Plaintiff and Defendants concerning urban expansion in
the Planada area.  Complaint, ¶ 35.  In particular, Plaintiff,
both as an individual and in his role as the Programs Director of
the Planada Community Development Corporation (hereinafter, "the
Planada CDC"), contested, in fora and ways protected by the First
Amendment to the United States Constitution, the advisability of
certain projects advocated by Defendant Gloria Cortez-Keene
(hereinafter, "Defendant Keene").  Complaint, ¶ 21.  Defendant
Keene was at all relevant times a member of the Board of
Supervisors of Merced County (hereinafter, "the MCBS"), and as
such she also sat as a member of the Board of Governors of the
Merced County Community Action Agency (hereinafter, "the MCCAA").

**2**

1   Complaint, ¶ 3.  Plaintiff pleads on information and belief that
2   among the projects which Plaintiff challenged were some which
3   would have yielded improper benefits to Defendant Keene or her
4   close associates.  Complaint, ¶ 21.

5        At all relevant times, Defendant Gonzales was a member of
6   the Planada CDC and of the Planada Municipal Advisory Council
7   (hereinafter, "the Planada MAC").  Members of the Planada MAC
8   serve by appointment of the MCBS.  Complaint, ¶ 8.

9        The complaint alleges that Defendants, including Defendant
10  Gonzales, engaged in a series of actions intended to harass
11  Plaintiff into abandoning his opposition to the program of
12  development advocated by Defendant Keene.  Complaint, ¶ 36.  The
13  Plaintiff alleges that the measures employed by the Defendants in
14  their program of harassment included procuring the eviction of
15  the Planada CDC, Plaintiff's employer, from its offices at the
16  Planada Community Center and denying it access thereto,
17  Complaint, ¶¶ 19, 27, 35, and inducing the Planada CDC's main
18  funding source to withdraw its funds, effectively ending
19  Plaintiff's employment, Complaint, ¶ 35; using Defendant Merced
20  Sheriff's Deputies for the purpose of intimidating Defendant
21  Keene's opponents, Complaint, ¶¶ 22, 26, 37; conditioning a grant
22  of fifty thousand dollars to the Planada CDC on the removal of
23  two of Plaintiff's supporters from the Planada CDC Board,
24  Complaint, ¶ 26; and procuring Plaintiff's unlawful arrest and
25  detention, during which he was subjected to excessive force and
26  physical injury by Defendant Zyskowski, Complaint, ¶¶ 31-34.
27  Plaintiff further alleges that the Defendants committed all these
28  acts under color of state law, in violation of his civil rights

**3**

under the Constitution of the United States and the California

Constitution.   Complaint, ¶ 18.

     In his First Cause of Action, Plaintiff sues Defendants the

County of Merced (hereinafter, "County"), Volunteer Smallwood,

Deputy Zyskowski, Maria Gonzales, and Does 1 through 15,

inclusive, under 42 U.S.C. § 1983, for depriving him of rights

guaranteed him by the Fourth, Fifth, and Fourteenth Amendments to

the United States Constitution by subjecting him to excessive

force, unjustifiable denial of liberty, and deprivation of

necessary medical care while in custody, and conspiring to

conceal their misconduct by attempting to cause a fraudulent

criminal proceeding to be brought against Plaintiff in the

California courts in connection with his arrest.

     In his Second Cause of Action, Plaintiff sues Defendants

County, Keene, Tatum, Pazin, Blake, Larry Gonzales, Smallwood,

Zyskowski, Maria Gonzales, Stone, Fillebrown, and Does 1 through

35, inclusive, under 42 U.S.C. § 1983, on the grounds that they

engaged in alleged retaliatory acts against Plaintiff to chill

his exercise of his rights to freedom of speech and to petition

the government guaranteed him by the First and Fourteenth

Amendments to the United States Constitution and by the

Constitution and laws of California.

     In his Third Cause of Action, Plaintiff sues Defendants

County, Zyskowski, Smallwood, Miller, and Does 1 through 25,

inclusive, for assault, battery, and use of excessive force, in

violation of California Penal Code Sections 149 and 245.

     Plaintiff's Fourth Cause of Action alleges false arrest and

false imprisonment, supplemental state-law claims, against

Defendants County, Maria Gonzales, Zyskowski, Smallwood, and Does
1 through 35, inclusive.

In his Fifth Cause of Action, Plaintiff sues all the
Defendants under California Code Section 52.1(b) for violations
of rights guaranteed him by the Constitution of the United States
and the Constitution and laws of the State of California.

In his Sixth Cause of Action, Plaintiff alleges that
Defendants County, Pazin, Blake, and Does 36 through 50,
inclusive, were negligent in their training or supervision of
Defendants Zyskowski, Smallwood, Miller, and County employees and
volunteers Does 1 through 35, resulting in the injuries to
Plaintiff as set forth in his complaint.

Plaintiff's Seventh Cause of Action alleges, pursuant to 42
U.S.C. § 1983, that, in conspiring together to silence the
Plaintiff's criticisms of the plans for land development
advocated by Defendant Keene in the manner set forth in his
general allegations, and by "establishing, ratifying,
encouraging[,] or implementing procedures or practices or customs
or patterns or conduct, pursuant to which C[ounty] employees
acted, whereby [P]laintiff was falsely accused, unlawfully
arrested and jailed, and falsely imprisoned," Complaint, ¶ 71,
the Defendants deprived him of his rights under the First,
Fourth, Fifth, Sixth, and Fourteenth Amendments to the United
States Constitution.

Defendant Larry Gonzales moves to dismiss the Second, Fifth,
and Seventh Causes of Action pursuant to Rule 12(b)(6), and to
strike the Fifth Cause of Action pursuant to California Code of
Civil Procedure Section 425.15.

**5**

## IV.   LEGAL STANDARDS AND ANALYSIS

1.   The Second Cause of Action

Gonzales argues that no relief is available under Section 1983 against him as an individual.  Defendant Gonzales first argues that Plaintiff cannot prove that Defendant Gonzales was acting under color of law.  Defendant Gonzales' second argument is that his alleged actions are subject to legislative immunity. His third argument is that Plaintiff fails to allege a "policy or custom."

a.   Color of State Law

Defendant Gonzales characterizes the Planada CDC as a "private, non-profit corporation that develops projects to benefit Planada."  Mot. to Dismiss at 4.  He argues that the only conduct of his about which the Plaintiff has complained is allegedly violating Plaintiff's federal and state civil rights by terminating Plaintiff's employment from the Planada CDC.  Mot. to Dismiss at 6.  This conduct stems from Defendant Gonzales' activity for a private corporation, and no state action is present, which bars a Section 1983 claim against Gonzales.

Plaintiff first objects to the narrow way in which Defendant Gonzales characterizes the allegations against him.  Plaintiff reiterates that Defendant Gonzales participated in a broad-based campaign of harassment, of which Plaintiff's eventual dismissal was only a part.  Plaintiff notes Gonzales' concession that the Planada CDC is a "quasi-governmental entity."  Mot. in Opp. at 2; *see* Mot. to Dismiss at 13 (arguing that the Planada CDC's meetings and activities fall under the purview of California Code of Civil Procedure Section 425.15, the "Anti-SLAPP" statute).

**6**

1  Although generally inapplicable to private parties, a Section

2  1983 claim can lie against a private party when he is a willful

3  participant in joint action with the State or its agents.  *Peng*

4  *v. Mei Chin Penghu*, 335 F.3d 970, 980 (9th Cir. 2003).  In

5  *Brunette v. Humane Society of Ventura County*, an opinion cited by

6  neither side, the Ninth Circuit stated that proof of a conspiracy

7  between the state and a private party to deprive another of his

8  constitutional rights can satisfy the joint-action test for

9  Section 1983 liability.  *Brunette*, 294 F.3d 1205, 1211 (9th Cir.

10 2002).

11     The complaint, the factual averments of which the court

12 accepts as true for the purposes of deciding a motion to dismiss,

13 *see ASW v. Oregon*, 424 F.3d 970, 974 (9th Cir. 2005), alleges in

14 substance that Defendant Gonzales conspired with the other

15 Defendants, themselves allegedly state actors, and acted in

16 concert with them to deprive Plaintiff of his constitutional

17 rights.  The Second Cause of Action particularizes this claim to

18 the deprivation of First Amendment free-speech and petition

19 rights.  These allegations are sufficient to satisfy the color-

20 of-state-law requirement.

21 b.   Legislative Immunity to Section 1983 Suit

22     Defendant argues that Defendant Gonzales is absolutely

23 immune from suit in his individual capacity for conduct he

24 undertook in his role as a member of the Planada MAC because that

25 entity is a legislative body.  Mot. to Dismiss at 6.  "[T]he

26 Planada MAC is an integral part of the policy[-]making process

27 for the County of Merced.  It advises the County with regard to

28 the necessity for and provision of public services relating to,

**7**

among other things, public health, safety, welfare, public works, and planning for [] Planada and its residents." Mot. to Dismiss at 7.

Plaintiff challenges Defendant's characterization of the Planada MAC as a legislative entity. Mot. in Opp. at 4. More importantly, Plaintiff notes the distinction, overlooked by Defendant Gonzales, which the United States Supreme Court has drawn, and which the Ninth Circuit has recognized, between legislative activity, which is accorded absolute immunity, and non-legislative activity, which is not. Mot. to Dismiss at 4-5 (*citing Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998) (absolute immunity for all actions taken "in the sphere of legitimate legislative activity"); *Kaahumanu v. County of Maui*, 315 F.3d 1215 (9ᵗʰ Cir. 2003)).

"Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Bogan*, 523 U.S. at 54. In *Kaahumanu*, the Ninth Circuit recognized four criteria for whether a particular action is legislative: (1) whether the act involves *ad hoc* decision-making, or the formulation of policy; (2) whether the act applies to a few individuals, or to the public at large; (3) whether the act is formally legislative in character; and (4) whether it bears all the hallmarks of traditional legislation. *Kaahumanu*, 315 F.3d at 1220.

Plaintiff alleges a program of harassment, engaged in by Defendant Gonzales and others, meant to silence the criticism by those, including Plaintiff, who disagreed with the projects advocated by Defendant Keene. This program allegedly included:

**8**

"arrangement of Sheriff's deputies to be present at public
meetings where their presence was not required and could only be
intimidating to the persons attending [citation]; attempting in a
private meeting to bully plaintiff into resigning his position
[citation]; conspiring with other defendants, including his wife,
to secure plaintiff's unlawful arrest [citation]; and conspiring
with other defendants to violate plaintiff's and others' rights
of free speech and political action by misuse of county Sheriff's
officers and other personnel [citation]."  Mot. in Opp. at 8-9.

"The burden of proof in establishing absolute immunity is on
the individual asserting it."  *Id.* (*citing Trevino v. Gates*, 23
F.3d 1480, 1482 (9th Cir. 1994)).  None of the actions alleged is
a law-making activity.  The actions only applied to Plaintiff and
a few individuals, not the public at large.  Legislative immunity
is not established on the face of the pleadings.  The motion to
dismiss the First Cause of Action against Defendant Gonzales on
legislative immunity grounds is DENIED.

c.   Policy or Custom

To sue a local government entity or its employees in a
federal court for civil rights violations, a plaintiff must rely
on statutory provisions that permit individuals to seek relief in
federal court.  Title 42, Section 1983, of the United States
Code, under which Plaintiff brings this cause of action, provides
in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United

**9**

1   States ... to the deprivation of any rights, privileges

2   or immunities secured by the Constitution and laws,

3   shall be liable to the party injured in an action at

4   law, suit in equity, or other proper proceeding for

5   redress....

6  42 U.S.C. § 1983.

7       Section 1983 "creates a cause of action against a person

8  who, acting under color of state law, deprives another of rights

9  guaranteed under the Constitution." *Henderson v. City of Simi*

10 *Valley*, 305 F.3d 1052, 1056 (9th Cir.2002).

11      Local governments are "persons" subject to suit for

12 "constitutional tort[s]" under Section 1983. *Haugen v. Brosseau,*

13 339 F.3d 857, 874 (9th Cir.2003) (citing *Monell v. Dep't of Soc.*

14 *Servs.,* 436 U.S. 658, 691 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611

15 (1978)). "[T]he legislative history of the Civil Rights Act of

16 1871 compels the conclusion that Congress did intend

17 municipalities and other local government units to be included

18 among those persons to whom § 1983 applies." *Monell,* 436 U.S. at

19 690. Local governments can be sued for monetary, declaratory, or

20 injunctive relief where such suits arise out of unconstitutional

21 actions that implement or execute a "policy statement, ordinance,

22 or decision officially adopted and promulgated by that body's

23 officers...." *Id.* 690-1.  If no official policy exists, "customs

24 and usages" may fulfill this element of a § 1983 claim against a

25 local government.  *Id.*

26      A local government's liability is limited, however.

27 Although a local government can be held liable for its official

28 policies or customs, it will not be held liable for an employee's

**10**

actions outside of the scope of these policies or customs.  "A municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under [Section] 1983 on a *respondeat superior* theory." *Monell,* 436 U.S. at 691.  "A local government may not be sued under [Section] 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its law-makers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under [Section] 1983."  *Id.* at 694.

To prevail on a Section 1983 complaint against a local government under *Monell,* a plaintiff must satisfy a three-part test: (1) the local government official(s) must have intentionally violated the plaintiff's constitutional rights; (2) the violation must be a part of policy or custom and may not be an isolated incident; and (3) a nexus must link the specific policy or custom to the plaintiff's injury.  *See Monell,* 436 U.S. at 690-92.

"[Section] 1983 claims against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded." *Butler v. Elle,* 281 F.3d 1014, 1023 (9th Cir.2002) (*citing Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)); *see also Doe v. Lawrence Livermore Nat'l Lab.,* 131 F.3d 836, 839 (9th Cir.1997) (finding that "a suit against a state official in his official capacity is no different from a suit against the [official's office or the] State itself") (*citing Will v. Mich. Dep't of*

**11**

1  *State Police,* 491 U.S. 58, 70-71 (1989)).  "As the Supreme Court

2  has stated, 'official-capacity suits ... generally represent only

3  another way of pleading an action against an entity of which an

4  officer is an agent.'"  *Ruvalcaba v. City of Los Angeles,* 167

5  F.3d 514, 524 n. 3 (9th Cir.1999) (*quoting Graham,* 473 U.S. at

6  165).  "'As long as the government entity receives notice and an

7  opportunity to respond, an official-capacity suit is, in all

8  respects other than name, to be treated as a suit against the

9  entity.'"  *Ruvalcaba*, 167 F.3d at 524 n.3 (*quoting Graham,* 473

10 U.S. at 166).

11      Defendant Gonzales argues that Plaintiff has failed to

12 properly allege that the civil-rights violations of which he

13 complains are part of a policy or custom on the part of the

14 County, as he must do in order to assert a *Monell* claim against

15 Defendant Gonzales in his official capacity, and that Defendant

16 Gonzales is consequently entitled to dismissal.  Mot. to Dismiss

17 at 7-8.

18      Plaintiff alleges that Defendant Gonzales took part in a

19 broad-based conspiracy to violate the First Amendment rights of

20 those who challenged the advisability of projects advocated by

21 Defendant Keene in her official capacity, which was known to an

22 acquiesced in by the County Board of Supervisors, and her

23 political supporters; and that this conspiracy resulted in the

24 violations of Plaintiff's state and federal civil rights to free

25 speech and petition for redress of grievances.  Mot. in Opp. at

26 6.

27      The motion to dismiss the Second Cause of Action is DENIED.

28 2.   The Fifth Cause of Action

**12**

a.   Failure to State a Claim under California Civil Code Section
     52.1

     California Civil Code Section 52.1 provides, in relevant
part:

        If a person or persons, whether or not acting under
        color of law, interferes by threats, intimidation, or
        coercion, or attempts to interfere by threats,
        intimidation, or coercion, with the exercise or
        enjoyment by any individual or individuals of rights
        secured by the Constitution or laws of the United
        States, or of the rights secured by the Constitution or
        laws of this state . . . [said individual or
        individuals] may institute and prosecute in his or her
        own name and on his or her own behalf a civil action
        for damages, including, but not limited to, damages
        under Section 52, injunctive relief, and other
        appropriate equitable relief to protect the peaceable
        exercise or enjoyment of the right or rights secured.

Cal. Civ. Code § 52.1 (a), (b).

     Gonzales mis-characterizes Plaintiff's allegations against
him by stating that, "[t]he only allegations contained within
Plaintiff's Complaint pertaining to [Defendant Gonzales] arise
directly and solely from Plaintiff's employment relationship with
the Planada CDC."  Because the Unruh Civil Rights Act, of which
California Civil Code Section 52.1 is a part, does not apply to
employment discrimination, Defendant Gonzales argues, the
provision is inapplicable, and the Fifth Cause of Action must be
dismissed.  Mot. to Dismiss at 9-10; Reply in Supp. at 7-8.

**13**

1    In response, Plaintiff re-iterates that his allegations

2  against Defendant Gonzales are not limited to adverse employment

3  actions, but also include harassment, intimidation, and

4  participation in Plaintiff's unlawful arrest, for the purpose of

5  depriving him of his First Amendment rights.  Mot. in Opp. at 7.

6  Taking these allegations as true, as the court must do on a

7  motion to dismiss, the claims survive.  The motion to dismiss the

8  fifth claim is denied.

9  b.    Defendant Gonzales' Motion to Strike Under the Anti-SLAPP

10       Statute (California Code of Civil Procedure Section 425.16)

11       Plaintiff alleges that Defendant Gonzales participated in a

12 conspiracy to chill the valid exercise of Plaintiff's

13 constitutional rights of freedom of speech and petition for

14 redress of grievances.  Plaintiff alleges that actions taken in

15 furtherance of this conspiracy included using Merced County

16 Sheriff's Deputies, acting in their official capacities, to

17 intimidate Defendant Keene's political opposition during sessions

18 of the Planada CDC, and procuring the unlawful arrest of

19 Plaintiff, the latter accompanied by the application of excessive

20 force.

21       Defendant Gonzales argues that the Fifth Cause of Action is

22 a "strategic" lawsuit intended by the *Plaintiff* to deter

23 *Defendant Gonzales* in the exercise of *his* First Amendment rights,

24 and as such ought to be stricken pursuant to California Code of

25 Civil Procedure Section 425.16, the "Anti-SLAPP" statute.

26       Section 425.16 provides in relevant part:

27       A cause of action against a person arising from any act

28       of that person in furtherance of the person's right of

**14**

1    petition or free speech under the United States or

2    California Constitution in connection with a public

3    issue shall be subject to a special motion to strike,

4    unless the court determines that the plaintiff has

5    established that there is a probability that the

6    plaintiff will prevail on the claim.

7    As used in this section, "act in furtherance of a

8    person's right of petition or free speech under the

9    United States or California Constitution in connection

10   with a public issue" includes: (1) any written or oral

11   statement or writing made before a legislative,

12   executive, or judicial proceeding, or any other

13   official proceeding authorized by law; (2) any written

14   or oral statement or writing made in connection with an

15   issue under consideration or review by a legislative,

16   executive, or judicial body, or any other official

17   proceeding authorized by law; (3) any written or oral

18   statement or writing made in a place open to the public

19   or a public forum in connection with an issue of public

20   interest; (4) or any other conduct in furtherance of

21   the exercise of the constitutional right of petition or

22   the constitutional right of free speech in connection

23   with a public issue or an issue of public interest.

24   Cal. Code Civ. Proc. § 425.16(b)(1) & (e).

25   A court considering a motion to strike under the anti-SLAPP

26   statute must engage in a two-part inquiry.  First, a defendant

27   must make an initial *prima facie* showing that the plaintiff's

28   suit arises from an act in furtherance of the defendant's rights

**15**

of petition or free speech.  The defendant need not show that the
plaintiff's suit was brought with the intent to chill the
defendant's speech; the plaintiff's intentions are ultimately
beside the point.  Similarly, the defendant bringing a motion to
strike need not show that any speech was actually chilled.
Second, once the defendant has made a *prima facie* showing, the
burden shifts to the plaintiff to demonstrate a probability of
prevailing on the challenged claims.  If the court determines
that the plaintiff has established that there is a probability
that the plaintiff will prevail on the claim, the motion to
strike must be denied.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d
1097, 1110 (9th Cir. 2003) (citations and internal quotation
marks omitted).

     A defendant who files a special motion to strike bears the
initial burden of demonstrating that the challenged cause of
action "aris[es] from" protected activity.  *Brill Media Co. v.
TCW Group, Inc.* 132 Cal.App.4th 324, 329, 33 Cal.Rptr.3d 371
(2005); Cal. Code Civ. Proc. § 425.16(b)(1).  As the California
Supreme Court has observed, however, "the 'arising from'
requirement is not always easily met."  *Equilon Enterprises v.
Consumer Cause, Inc.,* 29 Cal.4th 53, 66, 124 Cal.Rptr.2d 507, 52
P.3d 685 (2002).  A cause of action does not "arise from"
protected activity simply because it is filed after protected
activity took place.  *City of Cotati v. Cashman*, 29 Cal.4th 69,
76-77, 124 Cal.Rptr.2d 519, 52 P.3d 695 (2002).  Nor does the
fact "[t]hat a cause of action arguably may have been triggered
by protected activity" necessarily mean  that it arises from such
activity.  *Cashman*, 29 Cal.4th at 78, 124 Cal.Rptr.2d 519, 52

**16**

1    P.3d 695.  The trial court must instead focus on the substance of

2    the plaintiff's lawsuit in analyzing the first prong of a special

3    motion to strike.  *Scott v. Metabolife Int'l, Inc.* 115

4    Cal.App.4th 404, 413-414, 9 Cal.Rptr.3d 242 (2004); *see Cashman,*

5    29 Cal.4th at 78, 124 Cal.Rptr.2d 519, 52 P.3d 695.  In

6    performing this analysis, the California Supreme Court has

7    stressed, "the critical point is whether the plaintiff's cause of

8    action itself was *based on* an act in furtherance of the

9    defendant's right of petition or free speech."  *Cashman,* 29

10   Cal.4th at 78, 124 Cal.Rptr.2d 519, 52 P.3d 695 (emphasis in

11   original).  In other words, "the defendant's act underlying the

12   plaintiff's cause of action must *itself* have been an act in

13   furtherance of the right of petition or free speech."  *Id.*  "The

14   anti-SLAPP statute's definitional focus is not the form of the

15   plaintiff's cause of action but, rather, the defendant's *activity*

16   that gives rise to his or her asserted liability – and whether

17   that activity constitutes protected speech or petitioning."

18   *Navellier v. Sletten*, 29 Cal.4th 82, 92, 124 Cal.Rptr.2d 530, 52

19   P.3d 703 (2002).

20       Defendant Gonzales argues that "the gravamen of Plaintiff's

21   claims against [Defendant Gonzales] emanate[s] from [Defendant

22   Gonzales'] Motion [*sic*] to remove Plaintiff from his position as

23   Program Director for the Planada CDC."  Reply in Supp. at 8.

24       The court must focus, however, on the activity which the

25   Plaintiff alleges gave rise to Defendant Gonzales' liability, in

26   order to determine whether it was an act in furtherance of

27   Defendant Gonzales' right of petition or free speech.  *Navellier*,

28   29 Cal.4th at 92; *Cashman*, 29 Cal.4th at 78.

**17**

1    Plaintiff's Fifth Cause of Action alleges that Defendant

2  Gonzales participated in a conspiracy to retaliate against the

3  Plaintiff for the Plaintiff's exercise of his First Amendment

4  rights, and that this conspiracy eventuated in, *inter alia*,

5  conduct against Plaintiff to effect his unlawful arrest and

6  physical abuse at the hands of the arresting officer, to chill

7  Plaintiff's exercise of First Amendment rights.  Such activity

8  does not qualify as acts in furtherance of Defendant Gonzales'

9  right of petition or free speech, as defined by subsection (e) of

10  the statute.  Cal. Code Civ. Proc. § 425.16(e)(1)-(4).  The

11  motion under the anti-SLAPP statute must be DENIED.

12  c.   Under Color of State Law

13    In his reply in support of the motion to dismiss, Defendant

14  Gonzales adds the argument that the Fifth Cause of Action should

15  be dismissed because it does not properly allege that Defendant

16  Gonzales was acting under color of state law.  Reply at 3.  Since

17  Section 52.1 of the California Civil Code expressly does *not*

18  require that the actor act under color of law, this argument is

19  meritless.  Cal. Civ. Code § 52.1 ("whether or not acting under

20  color of law").

21  d.   Not Acting as a Government Agent

22    Defendant Gonzales' reply also contends that Plaintiff has

23  failed to properly allege that Defendant Gonzales was acting as

24  the agent of a governmental entity or that his alleged conduct

25  was part of or had a direct causal link to a governmental

26  entity's systematic policy of discrimination.  Reply at 6.

27    This argument lacks merit because Section 52.1 does not

28  require government agency.  Cal. Civ. Code § 52.1; *Jones v. Kmart*

**18**

1  *Corp.*, 17 Cal.4th 329 (1998) (Section 52.1 authorizes suit

2  against anyone who interferes with the exercise or enjoyment of

3  rights under federal or state law).

4  3.    The Seventh Cause of Action

5       The Seventh Cause of Action alleges that the Defendants'

6  alleged conspiracy, under color of state law, deprived Plaintiff

7  of his rights under the First, Fourth, Fifth, Sixth, and

8  Fourteenth Amendments to the United States Constitution.

9  Plaintiff sues them pursuant to Title 42, Section 1983 of the

10  United States Code.   Complaint, ¶¶ 71-73.

11      The reply advances three grounds for dismissal of this cause

12  of action: (a) that Plaintiff has not properly alleged that

13  Defendant Gonzales was acting under color of state law, Reply at

14  3-4; (b) that Defendant Gonzales' alleged actions are immune from

15  suit under legislative immunity, Reply at 4-6; (c) that Plaintiff

16  has failed to properly allege that Defendant Gonzales was acting

17  as the agent of a governmental entity or that his alleged conduct

18  was part of or had a direct causal link to a governmental

19  entity's systematic policy of discrimination, Reply at 6-7.

20  a.    Under Color of State Law

21      This argument has been addressed in the context of the

22  joint-conduct analysis of the Second Cause of Action.

23  b.    Legislative Immunity

24      This argument has also been addressed in the context of the

25  Second Cause of Action.

26  c.    Governmental Entity

27      This argument presents nothing new and is disposed of by the

28  analysis of the Second Cause of Action.

**19**

## VI.   CONCLUSION

For the foregoing reasons, Defendant Gonzales' motions to dismiss and to strike are DENIED.

**SO ORDERED**

**DATED: January 10, 2006**


                              **/s/ OLIVER W. WANGER**

                              **_____**

                                   **OLIVER W. WANGER**

                              **United States District Judge**