# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CORSER, | ) 1:05cv0985 OWW DLB |
| | ) |
| | ) ORDER GRANTING COUNSEL'S |
| | ) MOTION TO WITHDRAW AS |
| Plaintiff, | ) ATTORNEY OF RECORD |
| | ) (Documents 43-1, 46) |
| v. | ) |
| | ) ORDER SETTING FURTHER |
| COUNTY OF MERCED, et al., | ) SCHEDULING CONFERENCE |
| | ) **August 17, 2006** |
| | ) **8:45 A.M., Courtroom 3** |
| | ) |
| | ) ORDER TRANSFERRING CASE TO |
| Defendants. | ) ANOTHER MAGISTRATE JUDGE |
| | ) **Old case number: 1:05cv0985 OWW DLB** |
| | ) **New case number: 1:05cv0985 OWW LJO** |

Patience Milrod ("Counsel"), attorney for Plaintiff David Corser ("Plaintiff"), filed the instant motion to withdraw as Plaintiff's attorney of record on May 9, 2006. The matter was heard on June 23, 2006, before the Honorable Dennis L. Beck, United States Magistrate Judge.[1] Counsel and Plaintiff appeared. Pursuant to the Court's order, the hearing was closed to Defendants.

## BACKGROUND

Plaintiff filed the instant civil rights action on July 29, 2005, against the County of Merced, Merced County Board of Supervisors member Gloria Cortez-Keene, Merced County Executive Officer Demetrios Tatum, several deputies and employees of the Merced County

---

[1] Counsel requested that this matter be submitted to a different judicial officer than the judges presiding in this case. At the hearing, Judge Beck explained that because of his familiarity with the facts at issue, it would be most efficient for him to hear the motion and then reassign the action to another magistrate judge.

1

1  Sheriff's Department, and Planada Municipal Advisory Council/Planada Community
2  Development Corporation members Larry Gonzales, Maria Socorro Gonzales, and Ruth Stone.
3        Plaintiff alleges federal civil rights causes of action for a warrantless arrest, retaliation for
4  expressing speech protected under the First and Fourteenth Amendment, and conspiracy to
5  violate his civil rights. He also alleges supplemental state law claims for assault, battery, and use
6  of excessive force in affecting an arrest, false arrest and false imprisonment, violation of Civil
7  Code section 52.1(b), and negligent training and supervision. The allegations arise out of a
8  political dispute between Plaintiff and Defendants concerning urban expansion in the Planada
9  area.
10       All Defendants have answered the complaint.
11       Pursuant to the Court's February 26, 2006, Scheduling Conference Order, the parties
12 deferred setting a discovery plan while they attempted to settle the action. A settlement
13 conference was set for March 30, 2006, and the parties were directed to advise the Court of the
14 outcome and set a further scheduling conference, if necessary.
15       On March 30, 2006, the parties appeared for a settlement conference before the
16 Honorable Dennis L. Beck, but did not reach a settlement.
17       Counsel filed the instant motion to withdraw as attorney of record on May 9, 2006.
18 Pursuant to the Court's order granting Plaintiff's request, Plaintiff's opposition and Counsel's
19 reply, filed on May 25, 2006, and June 19, 2006, respectively, were filed under seal.
20       On June 19, 2006, Plaintiff, through Counsel, filed a notice of dismissal of Defendant
21 Deputy L. Miller without prejudice.[2]

**DISCUSSION**

23 Local Rule 83-182(d) provides:

24 Subject to the provisions of subsection (c), an attorney who has appeared may not
   withdraw leaving the client in propria persona without leave of Court upon
25 noticed motion and notice to the client and all other persons who have appeared.
   The attorney shall provide an affidavit stating the current or last known address of
26 addresses of the client and the efforts made to notify the client of the motion to

---

28  [2] The Court has not ruled upon the Motion to Dismiss. Upon the granting of Counsel's motion to withdraw, Plaintiff shall assume responsibility for the motion.

2

withdraw.  Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.  The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder.  Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Where withdrawal from a case is not mandatory under the Rules of Professional conduct, an attorney must ordinarily continue representation despite a case becoming unpleasant or unprofitable.

Counsel's primary reason in moving to withdraw is that she believes that there has been an irremediable breakdown in communication between her and Plaintiff such that the attorney-client relationship is no longer viable.  Counsel moves for permissive withdrawal pursuant to Rule 3-700(C)(1)(d) of the California Rules of Professional Conduct, which permits withdrawal when the client "by other conduct renders it unreasonably difficult for the member to carry out the employment effectively."

Counsel contends that Plaintiff took inconsistent and rationally indefensible positions at the settlement conference about his reasons for refusing settlement, demonstrating his bad faith participation in the settlement process and his unwillingness to accept Counsel's word about the realities of litigation.  At the hearing, Counsel explained that Plaintiff's behavior at the settlement conference was the culmination of his prior behavior.

The undersigned conducted the settlement conference and therefore witnessed Counsel and Plaintiff's interaction about which Counsel complains.  The undersigned also witnessed the interaction at the hearing on this motion, and it is readily apparent that there has been a break down in the attorney-client relationship such that it will be an impediment to proper representation.

Plaintiff's position on Counsel's request is very inconsistent.  Plaintiff believes that Counsel is moving to withdraw from this action to avoid a conflict in another representation, a representation which Plaintiff believes to be more advantageous to Counsel than this action.  Counsel admits that she represents Defendant L. Miller (now known to be Laurice Willoughby-Miller) in another action before this Court, but contends that since she is not a proper party to

1  this action and should be dismissed, there is no conflict.  While the Court has not determined
2  whether a conflict exists, it is difficult to understand why Plaintiff would want Counsel to
3  continue to represent him where he contends there is a conflict of interest and believes Counsel is
4  acting contrary to his best interests.

5  　　　In any event, Counsel's motion is GRANTED for the above reasons.  Plaintiff shall be
6  substituted in pro se.  Plaintiff's last known mailing address is P.O. Box 493, Planada,
7  California, 95365.  His telephone number is 209-382-0668.

8  　　　A further scheduling conference is set before the Honorable Oliver W. Wanger on August
9  17, 2006, at 8:45 a.m. in Courtroom 3.

10  　　　Finally, good cause appearing, the undersigned disqualifies himself from all
11  proceedings in the present action.  The Clerk of the Court has reassigned this action to the
12  docket of a different Magistrate Judge.  The new case number shall be **1:05cv0985**
13  **OWW LJO**.  All future pleadings shall be so numbered.  Failure to use the correct case
14  number may result in delay in your documents being received by the correct judicial
15  officer.

16  　　　IT IS SO ORDERED.

17  　　　Dated:   **June 28, 2006**　　　　　　　　　**/s/ Dennis L. Beck**
　　3b142a　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE