1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID C. CORSER,<br><br>                    **Plaintiff,**<br><br>          **v.**<br><br>**COUNTY OF MERCED; GLORIA CORTEZ-KEENE; DEMETRIOS TATUM; Merced County Sheriff's employees SHERIFF MARK PAZIN, UNDERSHERIFF BILL BLAKE, COMMANDER PARRISH, DEPUTY ZYSKOWSKI, DEPUTY L. MILLER, VOLUNTEER SMALLWOOD, (BADGE #V330); Merced County Public Works Director PAUL FILLEBROWN; LARRY GONZALES; MARIA SOCORRO GONZALES; RUTH STONE; and DOES 1 through 50,<br><br>                    Defendants.** | 1:05-CV-00985 OWW DLB<br><br>**ORDER DENYING PLAINTIFF DAVID C. CORSER'S MOTION TO QUASH SUBPOENA** |

## I.   INTRODUCTION

Plaintiff David C. Corser ("Plaintiff") moves to quash subpoenas issued by the court on July 17, 2006.  Defendant Maria Socorro Gonzales ("Defendant") opposes the motion.

## II.   PROCEDURAL HISTORY

The complaint was filed on July 29, 2005.  Doc. 1, Compl. Defendant Larry Gonzales' motion to dismiss the second, fifth,

**1**

1  and seventh causes of action and strike the fifth, Doc. 18, Mot.

2  to Dismiss and Strike, filed on September 30, 2005, was denied by

3  order entered January 10, 2006.  Doc. 35, Order.  Defendant

4  County of Merced answered on October 19, 2005.  Doc. 23, Answer.

5  Defendant Maria Socorro Gonzales ("Defendant") answered on

6  November 11, 2005.  Doc. 31, Answer.  Defendant Larry Gonzales

7  answered on November 18, 2005.  Doc. 33, Answer.  Plaintiff moved

8  on July 20, 2006, to quash subpoenas issued by the court on July

9  17, 2006.  Doc. 58, Mot. to Quash.  Defendant filed opposition on

10  August 7, 2006.

11                     **III.   BACKGROUND**

12      Plaintiff moves to quash the July 17, 2006, subpoenas issued

13  to Mercy Urgent Care Life Time Health Care ("Mercy"), Olivewood

14  Meadows Occupational Health Center ("Olivewood"), Hansen-Richey

15  Radiology Group ("HRRG"), the California State Compensation Fund

16  ("the Fund"), and the California Department of Industrial

17  Relations – Workers Compensation Division ("WCD").  The subpoenas

18  issued to Mercy, Olivewood, and HRRG commanded those entities to:

19             produce and permit inspection and copying of the

20             following documents or objects . . .:

21             Any and all documents and records pertaining to

22             care, treatment[,] and examination, including but

23             not limited to, all office, emergency room, in-

24             patient/out-patient charts, x-ray films, MRI

25             films, [and] CT scans.  Any and all records of

26             payment and/or discount regarding any medical

27             billing as well as the bills themselves, billing

28             information, including but not limited to

                              **2**

1                  statements, computer printouts, all charges,

2                  credits, payments, adjustments[,] and/or write-

3                  offs, and the sources of each, such as all EOBs

4                  from any insurance carrier reflecting any and all

5                  credits and adjustments and write-offs to the

6                  bills by virtue of any payments and/or contractual

7                  agreements/adjustments, including fees, etc.[,]

8                  for professional services including Medicare,

9                  Medicaid, etc.[,] pertaining to [Plaintiff][.]

10 Doc. 58, Mot. to Quash, Ex. A.  The subpoena issued to the Fund

11 commanded it to:

12                  produce and permit inspection and copying of the

13                  following documents or objects . . .:

14                  Any and all non-privileged records and documents,

15                  including but not limited to industrial injury

16                  records, benefits entitled to or paid out, medical

17                  records and information of health and/or accident

18                  claims pertaining to [Plaintiff].

19 *Id.*  The subpoena issued to the WCD commanded it to:

20                  produce and permit inspection and copying of the

21                  following documents or objects . . .:

22                  Any and all records regarding commission awarded

23                  to [Plaintiff] . . . from any and all dates.

24 *Id.*

25 **IV. LEGAL STANDARD AND ANALYSIS**

26      Plaintiff moves to quash these subpoenas "for failure to

27 follow the procedures outlined in [California Civil Procedure

28 Code Section] 1985.3.":

1
2
3
4
5
6
7
8
9
10
11

> Attorneys for Defendant [] have requested
> documents which require specific [n]otice to
> [c]onsumers or [e]mployees.  Defendant [] has
> failed to comply with the rules and procedures
> protecting the privacy of medical and other
> personal records.  In particular, [Defendant] has
> failed to include proper notice as required in
> subdivision (e), sections 1 through 3, which
> should have included a basic statement of
> consumer/employee rights regarding the option to
> object to the release of protected documents.

12  Doc. 58, Mot. to Quash, 1-2.

13      A federal court follows federal procedural law.  *Kohlrautz*
14  *v. Oilmen Participation Corp.*, 441 F.3d 827, 830 (9th Cir. 2006).
15  The Federal Rules of Civil Procedure apply irrespective of the
16  source of subject-matter jurisdiction, and irrespective of
17  whether the substantive law at issue is state or federal. *Vess v.*
18  *Ciba-Geigy Corp.*, 317 F.3d 1097, 1102 (9th Cir. 2003).  Discovery
19  is a procedural matter governed by federal law.  *Sibbach v.*
20  *Wilson & Co., Inc.*, 312 U.S. 1, 14 (1941); *Univ. of Texas at*
21  *Austin v. Vratil*, 96 F.3d 1337, 1340 n.3 (10th Cir. 1996); *Fagin*
22  *v. Gilmartin*, 432 F.3d 276, 285 n.2 (3rd Cir. 2005).

23
24
25
26
27
28

> State law is of very little relevance to discovery
> in a federal action.  Rule 69 provides that
> discovery in aid of execution may be had either in
> the manner provided in the federal rules or in the
> manner provided by the practice of the state in
> which the district court is held.  State law may

**4**

affect questions of privilege.  But except for
those two matters it is wholly settled that
discovery in a federal court is governed only by
these rules and that state discovery practices are
irrelevant.

8 Wright, Miller & Marcus, Federal Practice & Procedure: *Civil* 2d
§ 2005 (1994 & Suppl. 2006).

Plaintiff has not asserted any privilege.  To the extent
that Section 1985.3 may provide a California-law privilege,
however, the privilege does not apply to this litigation. Rule 26
of the Federal Rules of Civil Procedure provides, in relevant
part:

Parties may obtain discovery regarding any matter,
*not privileged*, that is relevant to the claim or
defense of any party[.]

Rule 26, Fed. R. Civ. P.  Rule 501 of the Federal Rules of
Evidence provides, in relevant part:

Except as otherwise required by the Constitution
of the United States or provided by Act of
Congress or in rules prescribed by the Supreme
Court pursuant to statutory authority, the
privilege of a witness, person, government, State,
or political subdivision thereof shall be governed
by the principles of the common law as they may be
interpreted by the courts of the United States in
the light of reason and experience.  However, in
civil actions and proceedings, with respect to an
element of a claim or defense as to which State

**5**

1    law supplies the rule of decision, the privilege

2    of a witness, person, government, State, or

3    political subdivision thereof shall be determined

4    in accordance with State law.

5  Rule 501, Fed. R. Evid.

6    Here, the rule of decision is provided by Title 42, Section

7  1983, of the United States Code.  The scope of an evidentiary

8  privilege in a Section 1983 civil rights action is a question of

9  federal law.  *Green v. Baca*, 226 F.R.D. 624, 643 (C.D. Cal. 2005)

10  *(citing Breed v. United States District Court*, 542 F.2d 1114,

11  1115 (9th Cir. 1976)); *see also Everitt v. Brezzel*, 750 F.Supp.

12  1063, 1066 (D.Colo. 1990) ("since this case involves civil rights

13  claims arising under 42 U.S.C. § 1983 (1988), [the court] will

14  look to federal common law to determine whether the materials are

15  privileged").

16    That there are state-law claims subject to the court's

17  supplemental jurisdiction under Title 28, Section 1367(c)(3), of

18  the United States Code, does not alter this conclusion.  "Where

19  there are federal question claims and pendent state law claims

20  present, the federal law of privilege applies."  *Agster v.*

21  *Maricopa County*, 422 F.3d 836, 839-40 (9th Cir. 2005); *accord*

22  *Hancock v. Hobbs,* 967 F.2d 462, 467 (11th Cir. 1992); *Hancock v.*

23  *Dodson,* 958 F.2d 1367, 1373 (6th Cir. 1992); *von Bulow v. von*

24  *Bulow,* 811 F.2d 136, 141 (2nd Cir. 1987), *cert. denied,* 481 U.S.

25  1015 (1987); *Thompson Co. v. General Nutrition Corp., Inc.,* 671

26  F.2d 100, 104 (3rd Cir. 1982); *Memorial Hospital for McHenry*

27  *County v. Shadur*, 664 F.2d 1058, 1061 n. 3 (7th Cir. 1981); *see*

28  *also* Fed. R. Evid. 501 advisory committee's note ("[i]t is also

**6**

1  intended that the Federal law of privileges should be applied

2  with respect to pendent State law claims when they arise in a

3  Federal question case").

4                          **VI.   CONCLUSION**

5      For the foregoing reasons, Plaintiff's motion to quash is

6  DENIED.

7

8  **SO ORDERED**

9  **DATED: August _30__, 2006.**

10

11

12                          **/s/ OLIVER W. WANGER_____**

13                             **OLIVER W. WANGER**

14                          **United States District Judge**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                  **7**